UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MOHAMMED MOHAMMED,<br><br>Plaintiff,<br><br>v.<br><br>MARKWAYNE MULLIN, Secretary of Homeland Security, et al.,<br><br>Defendants. | No. 26 CV 1163<br><br>Judge Manish S. Shah |

## ORDER

Defendants' motion to dismiss, [7], is granted. Plaintiff's complaint, [1], is dismissed without prejudice for lack of jurisdiction. Enter judgment and terminate civil case.

## STATEMENT

Mohammed Mohammed entered the United States using a K-1 fiancé visa on January 8, 2025. [1] ¶ 16.* About seven months later, Mohammed filed applications for adjustment of status and employment authorization. [1] ¶ 17. Now, Mohammed seeks an order compelling United States Citizenship and Immigration Services to adjudicate those applications. [1] at 7. Defendants move to dismiss the complaint under Fed. R. Civ. P. 12(b)(1) for lack of subject-matter jurisdiction and Fed. R. Civ. P. 12(b)(6) for failure to state a claim. [7].

It appears that USCIS adjudicated Mohammed's employment authorization application and delivered a new card associated with his application while defendants' motion to dismiss has been pending. A search of the USCIS and United States Post Office websites using the receipt number Mohammed provided in his complaint reveals that USPS delivered a new card to Mohammed on October 19, 2026. *See* https://egov.uscis.gov; [1] ¶ 17. Courts have discretion to take judicial notice of facts not subject to reasonable dispute, which may include government websites. Fed. R. Evid. 201(c)(1); *Pickett v. Sheridan Health Care Ctr.*, 664 F.3d 632, 648 (7th Cir. 2011) ("We have recognized the authority of a court to take judicial notice of government websites."). Because a new card associated with Mohammed's

* Bracketed numbers refer to entries on the district court docket. Referenced page numbers are taken from the CM/ECF header placed at the top of filings. The facts are taken from plaintiff's complaint, [1].

application for employment authorization has been issued, his claim for an order compelling USCIS to adjudicate his application is dismissed as moot. "A dismissal on mootness grounds is a dismissal for lack of jurisdiction" and is necessarily without prejudice. *Bernstein v. Bankert*, 733 F.3d 190, 224 (7th Cir. 2013).

Defendants argue that this court lacks jurisdiction to provide the relief Mohammed requests relating to his adjustment of status application because of the jurisdiction stripping provision in 8 U.S.C. § 1252(a)(2)(B)(ii). [9] at 5–9. Other courts in this district, as well as the courts of appeals for the Third, Fifth, Eight, and Eleventh Circuits agree that the jurisdiction stripping provision in 8 U.S.C. § 1252(a)(2)(B)(ii) applies to 8 U.S.C. § 1255(a). *Jarrar v. Noem,* No. 25 C 5216, 2025 WL 3653700, at *2 (N.D. Ill. Dec. 16, 2025); *Pantsaeva v. Mullen*, No. 25-CV-11577, 2026 WL 2085376, at *3 (N.D. Ill. July 20, 2026); *Brahmbhatt v. U.S. Citizenship & Immigr. Servs.*, No. 25 C 14770, 2026 WL 1846755, at *2 (N.D. Ill. June 25, 2026); *Geda v. Dir. of USCIS*, 126 F.4th 835, 844 (3d Cir. 2025); *Cheejati v. Blinken*, 106 F.4th 388, 394 (5th Cir. 2024); *Thigulla v. Jaddou*, 94 F.4th 770, 775 (8th Cir. 2024); *Kanapuram v. Dir. of USCIS*, 131 F.4th 1302, 1306–07 (11th Cir. 2025). I agree too.

Title 8, United States Code, Section 1252(a)(2)(B)(ii) precludes judicial review of any decision or action of the Attorney General or Secretary of Homeland Security for which the authority is specified, under Title 8, Chapter 12, Subchapter II, "to be in the discretion of" the Attorney General or Secretary. Mohammed applied to adjust his status to lawful permanent resident under 8 U.S.C. § 1255(a), which is found in the relevant subchapter. 8 U.S.C. § 1255(a) provides that the Secretary "may" adjust an alien's status "in his discretion and under such regulations as he may prescribe." Because 8 U.S.C. § 1255(a) unambiguously gives the Secretary discretion to decide or act on applications for adjustment of status, the jurisdiction stripping provision applies. *Fernandez v. Noem*, No. 25 CV 7366, 2026 WL 92337, at *1 (N.D. Ill. Jan. 13, 2026).

In his response to the motion to dismiss, Mohammed argues that USCIS has discretion in whether to grant or deny his adjustment of status application but has a non-discretionary duty to process it. [11] at 2–4. But Mohammed has only experienced delay, not a refusal to process his application. "[S]etting priorities—for example, how many employees to assign to processing applications" is an "action" regarding Mohammed's adjustment of status application and, therefore, the jurisdiction stripping provision in 8 U.S.C. § 1252(a)(2)(B)(ii) applies. *Soni v. Jaddou*, 103 F.4th 1271, 1272–73 (7th Cir. 2024); *Fernandez*, 2026 WL 92337, at *1 (*Soni* applies to delay in adjudicating I-485 application); *Jarrar,* 2025 WL 3653700 at *2 (same).

The Administrative Procedure Act does not save Mohammed's claim. The APA states that "within a reasonable time, each agency shall proceed to conclude a matter presented to it" and authorizes courts to compel agency action that is unreasonably

delayed. 5 U.S.C. §§ 555(a); 706(1). But the APA prohibits judicial review if a statute precludes it. 5 U.S.C. § 701(a). Here, 8 U.S.C. § 1252(a)(2)(B)(ii) bars review.

Defendants' motion to dismiss, [7], is granted. Plaintiff's claim regarding his employment authorization is dismissed as moot and his claim regarding his adjustment of status application is dismissed for lack of subject-matter jurisdiction. The complaint, [1], is dismissed without prejudice.

ENTER:

Date: October 29, 2026

Manish S. Shah
U.S. District Judge